**Jaroslaw WELICZKO, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 03–3095, A71–850–354.

United States Court of Appeals, Sixth Circuit.

June 10, 2004.

K. Daria Szwajkun, Warren, MI, for Petitioner.

Allen W. Hausman, Michele Y.F. Sarko, U.S. Department of Justice, Office of Litigation, Washington, DC, for Respondents.

Before KEITH and CLAY, Circuit Judges; and OBERDORFER, District Judge.*

## ORDER

Jaroslaw Weliczko petitions for judicial review of an order by the Board of Immigration Appeals (BIA) which dismissed his appeal of an immigration judge's (IJ) determination that he was subject to removal despite his applications for asylum, withholding of removal, and voluntary departure. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Weliczko is a native and citizen of the Ukraine who entered the United States as a non-immigrant visitor on April 13, 1991, for a temporary period not to exceed October 15, 1991. Before his status expired, Weliczko applied for asylum based on his religion and nationality. Weliczko was interviewed by the Immigration and Naturalization Service (INS) six years later. The asylum officer found that Weliczko was not entitled to asylum because of changes in the conditions of the Ukraine. The INS subsequently started removal proceedings.

Nine years after first applying for asylum, an evidentiary hearing was held by an IJ. The IJ denied Weliczko asylum and voluntary departure. The IJ found that Weliczko's testimony was not credible and that the country's condition had changed. The Board affirmed the IJ's decision. Weliczko then sought review with this court.

The resolution of an asylum request involves a two-part inquiry. *Mikhailevitch v. INS*, 146 F.3d 384, 389 (6th Cir.1998). Weliczko must show not only that he is a refugee, but also that his application merits a favorable exercise of administrative discretion. *See id.* The IJ did not reach the discretionary step here, as Weliczko did not meet his burden of showing that he is a refugee. A "refugee" is defined as an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); *accord INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). A petition for judicial review should not be granted unless the evidence is so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir.2001). Thus, the BIA's decision is conclusive unless it is "manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D).

An asylum application is also treated as an application for the withholding of removal. *Mikhailevitch*, 146 F.3d at 391. However, the burden of proving eligibility for asylum is less than the burden of prov-

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

ing entitlement to withholding. *Id.* Thus, the failure to show that Weliczko is eligible for asylum will also show that he is not entitled to the withholding of removal. *See id.*

Weliczko argues that the IJ's credibility finding was illogical. The IJ's factual determination regarding credibility, however, must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). In the present case, the IJ cites several inconsistencies between Weliczko's written application, his testimony, and what was reported in the INS asylum interview. In addressing Weliczko's credibility, the IJ stated that she was troubled by the lack of evidence supporting Weliczko's alleged arrest. For example, Weliczko was allegedly arrested in 1980 at his home. At the time of this arrest, his mother was also home. When the arrest occurred, Weliczko's mother was allegedly pushed and struck by the arresting individuals. However, during the hearing, Weliczko's mother did not remember the incident.

Further, Weliczko's testimony and application for asylum were inconsistent regarding his alleged arrest and/or detentions. In addition, Weliczko was inconsistent as to the number of friends who were allegedly killed. Initially, Weliczko stated that he left the Ukraine because one of his friends was killed and because he lost his job. Weliczko subsequently changed the number of friends killed to two. Finally, Weliczko failed to present evidence regarding the religious conditions of the Ukraine prior to its independence.

Weliczko's challenge to the IJ's credibility finding is unpersuasive because the IJ properly noted the absence of corroborating evidence and the inconsistency in Weliczko's testimony which placed his credibility in doubt. *See Chebchoub v. INS,* 257 F.3d 1038, 1043–45 (9th Cir.2001); *Abdulai v. Ashcroft,* 239 F.3d 542, 554–55 (3d Cir. 2001). Therefore, substantial evidence supports the IJ's credibility finding. *See Chebchoub,* 257 F.3d at 1043–45.

Weliczko also argues that the IJ failed to consider the possibility that he could be persecuted based on his religious beliefs. The IJ properly noted that Weliczko's claim was undermined by a State Department report which indicated that conditions in the Ukraine had improved since Weliczko fled the country in 1991.

The evidence in this case does not compel a finding that Weliczko is a refugee because it does not show that he has a well-founded fear of persecution. *See Koliada,* 259 F.3d at 487–88; *Chebchoub,* 257 F.3d at 1045. Thus, the panel need not reach the question of whether Weliczko's asylum application merits a favorable exercise of discretion. *See Koliada,* 259 F.3d at 488. Because Weliczko has not established eligibility for asylum, he is unable to meet the more rigorous standard of withholding of removal. *See Koliada,* 259 F.3d at 489; *Mikhailevitch,* 146 F.3d at 391. The Board's decision was not manifestly contrary to the law or an abuse of discretion as prescribed by § 1252(b)(4)(D).

Accordingly, the petition for judicial review is denied.